IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gerald T. FLYNN, Attorney at Law.

Supreme Court

*No. 84–2168–D. Decided March 5, 1985.*
(Also reported in 363 N.W.2d 440.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended, pursuant to a stipulation of the parties, that the license of Attorney Gerald T. Flynn

to practice law in Wisconsin be suspended for six months for having continued to represent clients in the presence of conflicting interests, for failing to advise clients of the status of litigation, for investing client funds in a venture in which he had a personal interest without disclosing that fact to the client, and for his failure to make repayment as stipulated in the settlement of a civil action. The referee also recommended that Attorney Flynn pay the costs of the disciplinary proceeding. We determine that a six-month suspension of Attorney Flynn's license to practice law in Wisconsin is appropriate discipline under the circumstances.

Attorney Flynn was admitted to practice law in Wisconsin in 1933 and practices in Racine, and he has not previously been the subject of disciplinary proceedings. He stipulated to having engaged in unprofessional conduct in connection with three matters.

In 1975, Attorney Flynn undertook the representation of a client's daughter and son-in-law in an action concerning a property line dispute involving real estate titled in the couple's name but ownership and control of which remained in the client. The couple had previously retained an attorney, who negotiated with Attorney Flynn to have record title to the real estate taken out of their names. Attorney Flynn never made a motion on behalf of the couple to be dismissed as defendants in the action, and judgment was entered against them. Attorney Flynn failed to keep the couple informed of the status of the action, including entry of the money judgment against them, nor did he notify them of the conflict of interest presented by his representation of his client in negotiating with the couple's attorney over record title to the property. The couple paid the judgment under threat of garnishment.

Further, Attorney Flynn failed to inform the couple of the decision in a lawsuit he commenced on their behalf and on behalf of his other client against a financial

institution concerning the boundary lines of the real estate involved in the dispute. Summary judgment was granted in favor of the defendant in that action. Attorney Flynn neither withdrew as counsel for the couple nor sought their permission to continue representing them despite the conflict of interest caused by his continuing to represent his other client. It was stipulated that Attorney Flynn's conduct in these matters violated SCR 20.28, 20.30(1) and 20.32.

Between 1979 and 1983, Attorney Flynn received approximately $47,000 of client funds pursuant to an order of the circuit court. He wrote the client that he had deducted $4,100 for his fees and disbursements in the action and was holding the balance in his trust account. He subsequently wrote the client that he invested $25,000 of that amount on his client's behalf. Over the succeeding few years Attorney Flynn wrote to the client periodically, informing him of various sums he claimed to have paid on his client's behalf from the original amount he received, and he wrote to the client's successor counsel that the client had directed him to invest the money in a real estate mortgage at a specified interest rate.

In November, 1983, an investigator of the Board of Attorneys Professional Responsibility requested that Attorney Flynn produce a copy of the mortgage supposedly given to his client as an investment, and Attorney Flynn responded that he had put the mortgage in his safe without recording it, did not give a copy to his client, and destroyed it after paying his client the remaining principal thereon. In fact, Attorney Flynn invested the original $25,000 in his own properties without disclosing to the client their differing interests in the transaction, he did not provide the client with any security, nor did he execute a promissory note for the funds he was using in his own dealings, nor did he recommend that his client seek independent legal assistance, render a proper accounting, promptly disburse

to the client money held in trust for him, or pay the client all the interest and principal to which he was entitled. It was stipulated that Attorney Flynn's conduct in this matter violated SCR 11.05, 20.04(4), 20.27 (1), 20.50 and sec. 757.293, Stats.

In 1977, the Wisconsin Commissioner of Securities commenced a civil action against Attorney Flynn and others concerning his role in the issuance of convertible debentures of a corporation. In October of 1979, Attorney Flynn stipulated in settlement of that action that he would repay the full face amount of each debenture to every holder who elected to be repaid in cash rather than accept common stock of the corporation. Attorney Flynn failed to settle with all debenture holders as he had stipulated. The parties agreed that such conduct violated SCR 20.04(4), 20.40(1).

The referee, Attorney Robert P. Harland, made findings of fact and conclusions of law consistent with the stipulation of the parties and recommended that Attorney Flynn's license to practice law be suspended for six months and that he pay the costs of the disciplinary proceeding. We accept the referee's findings and conclusions and agree that a six-month suspension of Attorney Flynn's license to practice law is appropriate discipline under the circumstances.

IT IS ORDERED that the license of Gerald T. Flynn to practice law in Wisconsin is suspended for a period of six months, commencing April 1, 1985.

IT IS FURTHER ORDERED that within 90 days of the date of this order Attorney Gerald T. Flynn pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $3,075.12, provided that if the costs are not paid within the time specified and absent a showing by Attorney Flynn of his inability to pay those costs within that time, the license of Attorney Gerald T. Flynn to practice law in

Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Attorney Gerald T. Flynn comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.